NOTICE
Decision filed 12/15/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220516-U

NO. 5-22-0516

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* JORDAN S., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Saline County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-JA-18 |
| | ) | |
| Tonya S., | ) | Honorable |
| | ) | Todd D. Lambert, |
| Respondent-Appellant). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the only witnesses testified that respondent had made unsatisfactory progress and recommended that her parental rights be terminated, the circuit court's order to that effect was not against the manifest weight of the evidence. As any argument to the contrary would clearly lack merit, we grant leave to appointed counsel to withdraw and affirm the circuit court's judgment.

¶ 2   Respondent, Tonya S., appeals the circuit court's order terminating her parental rights to Jordan S. and awarding custody of the minor to the Department of Children and Family Services (DCFS) with the authority to consent to his adoption. Respondent's appointed counsel on appeal concludes that there is no arguably meritorious contention that the court erred in so doing. Accordingly, he has filed a motion to withdraw as counsel. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has notified respondent of his motion and this court provided her with ample

1

opportunity to file a response, but she has not done so. After reviewing the record and considering counsel's motion, we agree that this appeal presents no issue of even arguable merit. Therefore, we grant counsel leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Jordan S. was born July 1, 2019, with amphetamine and methamphetamine in his system. On March 11, 2020, the State filed a petition for adjudication of wardship alleging that he was neglected. The petition alleged that the family had been offered "intact family services" but that respondent had not complied with required services or drug screens.

¶ 5     Two hearings were scheduled at which respondent did not appear. On June 9, 2020, respondent appeared and was appointed counsel. Trina Mayfield, director of intact services at DCFS, testified that the agency had had difficulty communicating with respondent. Mayfield opined that it was in Jordan's best interest to remove him from respondent's care given his drug exposure at birth and respondent's noncooperation.

¶ 6     Respondent stated that she had "taken several different drug tests"—at least two—both of which she passed. The court found probable cause to believe that the minor was neglected, an immediate and urgent necessity existed to remove him from the home, reasonable efforts had not eliminated that necessity, and it was in the minor's best interest to be placed in DCFS custody.

¶ 7     A family service plan was filed in July 2020 requiring respondent to cooperate with all services, complete a substance-abuse assessment, and submit to random drug screenings. At an August 4 hearing, respondent stipulated to count I of the petition, which alleged that the minor's environment was injurious to his welfare in that, when he was born, his cord blood tested positive for methamphetamine and amphetamine.

2

¶ 8 During the next two years, respondent's progress was consistently rated unsatisfactory during case reviews. She regularly attended monthly visitations and completed a parenting class online but made only sporadic efforts at substance-abuse treatment. A March 4, 2021, family service plan showed that respondent had not completed any assessments or engaged in any services, and was generally uncooperative with the agency.

¶ 9 Later that month, the State moved to change the permanency goal to substitute care pending termination of parental rights. In April 2021, the State filed a motion to that effect.

¶ 10 An October 2021 permanency report stated that respondent did complete a substance-abuse assessment and agreed to a treatment plan. However, since that time she had attended only 3 counseling sessions while canceling 6 and missing 13 others. She had not attended a counseling session since July and had not contacted her counselor in that time.

¶ 11 In March 2022, respondent tested positive for methamphetamine, amphetamine, and THC. In May 2022, respondent completed a mental-health assessment but did not follow up with treatment.

¶ 12 The termination hearing took place on June 7, 2022. Kelsie Arp had been respondent's caseworker and was currently a supervisor. Respondent was consistently rated "unsatisfactory" for compliance with the service plans. Aubrey Berry took over as the caseworker in May 2021. Since that time, respondent continued to receive unsatisfactory ratings. Respondent did not testify or present any other evidence.

¶ 13 The court found that respondent was unfit and scheduled a best-interest hearing. The permanency goal was changed to adoption.

¶ 14 At the best-interest hearing, Arp and Berry again testified. Arp said that the biological parents had bonded with Jordan S. as well as could be expected during once-monthly visitations.

3

Jordan appeared attached to his foster parents, who were willing to adopt him. She believed that the current foster placement provided Jordan S. with the necessary stability, asking the court to find it in his best interest to terminate respondent's parental rights.

¶ 15    Berry testified that neither respondent nor the biological father had completed all of their required services nor had they made substantial progress in doing so. Berry also recommended that the court find it in the minor's best interest to terminate respondent's parental rights. Respondent did not testify or present any other evidence.

¶ 16    The court took the matter under advisement and later issued an order terminating respondent's parental rights. Respondent timely appealed.

¶ 17                                    ANALYSIS

¶ 18    Appointed counsel concludes that no good-faith argument exists that the circuit court erred in terminating respondent's parental rights. Before committing a minor to the custody of a third party, such as DCFS, a circuit court must first decide whether his or her parent is unfit, unable, or unwilling to care for the child, and whether the minor's best interest will be jeopardized if the minor remains in the custody of his or her parents. *In re M.M.*, 2016 IL 119932, ¶ 21 (citing 705 ILCS 405/2-27(1) (West 2012)). We will reverse a circuit court's finding of unfitness only if the finding is against the manifest weight of the evidence. *In re A.W.*, 231 Ill. 2d 92, 104 (2008).

¶ 19    The motion to terminate respondent's parental rights alleged that she failed to "make reasonable efforts to correct the conditions that were the basis for the removal of the child from the parent" during the previous nine months. See 750 ILCS 50/1(D)(m)(i) (West 2020). Here, the witnesses, who were the caseworkers assigned to the case throughout its duration, both testified that respondent was consistently rated unsatisfactory in achieving the service plan objectives. Both

4

witnesses opined that it was in the minor's best interest to terminate respondent's parental rights and allow the minor to be adopted by the foster parents. There was no contrary evidence.

¶ 20    While respondent regularly attended visitations, these were only scheduled monthly. And she did complete an online parenting class. However, she made little more than token efforts to address her substance abuse and other mental health issues. Given that Jordan S. was born with amphetamine and methamphetamine in his system, substance-abuse issues in particular were obviously critical to returning the minor to respondent's care. Yet, she consistently failed to make satisfactory progress in this area, at one point canceling or missing 19 of 22 scheduled counseling sessions.

¶ 21    In light of the uncontradicted evidence that respondent failed to make reasonable efforts toward the return of the minor, the court's finding of unfitness was not against the manifest weight of the evidence. Accordingly, we grant counsel's motion to withdraw and affirm the circuit court's judgment.

¶ 22                                          CONCLUSION

¶ 23    Accordingly, we agree with counsel that this appeal presents no issue of even arguable merit. We grant counsel leave to withdraw and affirm the circuit court's judgment.


¶ 24    Motion granted; judgment affirmed.

5